# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IDONIA WRIGHT

                Plaintiff,

v.                                          Case No.

EQUIFAX INFORMATION SERVICES, LLC.

                Defendant.

## COMPLAINT

NOW COMES Plaintiff, IDONIA WRIGHT ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX") (or collectively "Defendants"):

### Nature of the Action

1.      This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2.    Plaintiff is a natural person at all times relevant residing in Greensville County, in the City of Emporia, in the State of Virginia.

3.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4.    Defendant EQUIFAX is a corporation headquartered in Chicago, Illinois.

5.    Defendant EQUIFAX is a person, as that term is defined 15 U.S.C. § 1681a(b).

6.    Defendant EQUIFAX is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing

consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.    Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8.    Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.    At all times relevant to this Complaint, Defendant acted through its

agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

12.     Plaintiff is a consumer who is the victim of inaccurate reporting practices by EQUIFAX, regarding an account that she had with Regional Management Corp., ("Regional") settled with Regional, and paid to Regional.

13.     Credit Reporting Agencies (e.g., Defendant EQUIFAX, Equifax, and Experian, hereinafter referred to as "CRA" or "CRAs") have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.     Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Regional, an inaccuracy found in different credit reports published by

3

EQUIFAX based on the information provided to them by Defendant. The following is a description of the inaccuracy and failures of Regional to investigate and update their reporting of the account in question to the CRAs:

15. On or about July 8, 2025, Plaintiff and Regional entered into an agreement to settle an account ending in 7200 (the "Account") for $2,000.00.

16. Per the terms of the settlement agreement, Plaintiff made one payment of $2,000.00 on July 25, 2025 which fully satisfied the settlement agreement and Account.

17. On September 3, 2025, Plaintiff received copies of her credit report from EQUIFAX, which, to her surprise, were incorrect. Upon information and belief, Regional reported incorrect information regarding the Account to the CRAs.

18. Specifically, EQUIFAX, reported the Account status as "Charge-off". EQUIFAX reported the account with a balance of $1,353.00, even though this account was settled and paid in full in July, 2025.

19. Defendant EQUIFAX's failure to report the Account correctly, including its failure to report the accurate status, balance, and payment history on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

20. On or around September 25, 2025, Plaintiff issued disputes by mail to EQUIFAX regarding the incorrect information being reported on the Account.

4

21.    In her dispute letter, Plaintiff disputed the incorrect entries in his credit report regarding the Account's status, balance, and rating. Plaintiff also included proof of the agreement between herself and REGIONAL and proof of the payment made in satisfaction of the agreement.

22.    Upon information and belief, pursuant to their own obligations under the FCRA, EQUIFAX would have notified Regional of Plaintiff's disputes within five days of receipt of the disputes.

23.    Further, upon information and belief,  EQUIFAX three CRAs would have sent the documentation Plaintiff included in  her dispute letters to Regional, including the terms of the settlement and proof of the payment.

24.    Despite her very specific disputes to EQUIFAX, Plaintiff received another credit report post-dispute which reflected no update in the Account's reported information. Upon information and belief, this is because Regional continued to furnish inaccurate information about Plaintiff's Account to EQUIFAX.

25.    At the time of filing this complaint, EQUIFAX continues to report the Account as having a balance owed and inaccurately report the status and payment history of the Account, which is based on the inaccurate information being furnished by Regional.

26.   Upon information and belief, EQUIFAX continue to report this information because of Regional's furnishing of incorrect information regarding the Account to the CRAs.

27.   Additionally, upon information and belief, EQUIFAX continues to report this information because of its failures to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her letter.

28.   Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, EQUIFAX, was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff, pursuant to 15 U.S.C. § 1681e(b).

29.   As a result of this action and inaction of EQUIFAX, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

30.   Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

31.   Because of her concern over the effects of Defendant's misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase a car of house, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EQUIFAX INFORMATION SERVICES, LLC.
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

32.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

33.    After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

34.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

35.    As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.    EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37.    In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

7

38.     Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX INFORMATION SERVICES, LLC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

39.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-31.

40.     After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

41.     Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

42.     As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.    In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act, and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper.

### <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Dated: 03/31/2026                                  Respectfully submitted,

                                                   */s/ Mark A. Carey*

Mark A. Carey
Law Offices of Mark A. Carey, P.C.
5600 Roswell Rd. Ste. Bldg. C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcareylaw@ymail.com
Attorneys for Plaintiff,
Idonia Wright

10